IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 3:02-CV-1028-MHT |
| | ) | WO |
| NELSON NIKITHA FEARS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a second *28 U.S.C. § 2255 motion* by Nelson Nikitha Fears ("Fears") to vacate, set aside, or correct the sentence imposed after he successfully moved to vacate his original sentence. After careful consideration of the § 2255 motion, supporting and opposing submissions, and the record in this case, the Magistrate Judge concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I.   PROCEDURAL HISTORY**

On April 15, 1994, a jury found Fears – one of 15 co-defendants in a 28-count indictment – guilty of *conspiring to possess with intent to distribute cocaine base*, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and *possessing with intent to distribute cocaine base*, in violation of 21 U.S.C. § 841(a)(1). On June 24, 1994, the trial court sentenced Fears to 240 months' imprisonment on each count, to be served concurrently. Fears appealed, and on January 21, 1997, the Eleventh Circuit affirmed his convictions and sentence. *See United States v Trammell*, 107 F.3d 23 (11th Cir. 1997) (unpublished opinion, No. 94-6389).

In October 1997, Fears filed a § 2255 motion challenging his sentence. *See Defendant's Motion to Vacate* (Doc. 601 - Case No. 3:94cr25). On August 12, 1999, this court granted Fears's motion and vacated his sentence. *See Aug. 12, 1999, Order of District Court* (Doc. 766 - Case No. 3:94cr25), *Adopting Jul. 26, 1999, Recommendation of Magistrate Judge* (Doc. 763 - Case No. 3:94cr25).

Following a re-sentencing hearing involving additional evidence, *see Government's Answer* (Doc. 9), *Exhibit 4,* on March 27, 2000, the court re-sentenced Fears to 216 months' imprisonment on each count, to be served concurrently. *See Order of District Court* (Doc. 815 - Case No. 3:94cr25) and *Amended Judgment* (Doc. 817 - Case No. 3:94cr25). On Fears' appeal, the Eleventh Circuit affirmed the new sentence on August 8, 2001. *See United States v. Davis*, 273 F.3d 396 (11th Cir. 2001) (unpublished opinion, No. 00-11608).

Fears filed this § 2255 motion on August 29, 2002,[1] and as amended, the motion asserts (1) ineffectiveness of counsel during the re-sentencing proceedings and the appeal, (2) "newly discovered" evidence that his sentence resulted from prosecutorial misconduct and fabricated evidence, and (3) his actual innocence "of the sentence imposed." The government responds that these claims are without merit and entitle Fears to no relief. Fears was afforded an opportunity to respond to the government's submissions, and has done so.

---

[1] Although Fears's motion was stamped "filed" in this court on September 4, 2002, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, August 29, 2002, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II. DISCUSSION

**A. Ineffective Assistance of Counsel Claims**

*1. Standard of Review*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id.* at 687.

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 689-90.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

*See Strickland*, 466 U.S. at 687.  To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."  *Id*. at 697.  *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2. *Failure to Argue "Selective Prosecution"*

Fears contends that the counsel who represented him during the re-sentencing proceedings and the subsequent appeal rendered ineffective assistance by failing to argue that he was subjected to "selective prosecution" at re-sentencing.  *See § 2255 Motion* (Doc. 1)

4

at 5 & 10-16; *Amended § 2255 Motion* (Doc. 14) at 1-3.

In support of this claim, Fears points to the disparity between the sentence he received upon re-sentencing (after he had filed a successful § 2255 motion) and the sentences received by some of his co-defendants when they were re-sentenced after their original sentences were set aside. On direct appeal, four of Fears's co-defendants – Michael Alvis, James Higgins, Algie Shealey, and Timothy J. Walker, Jr. ("the Alvis Defendants") – raised a claim, not raised by Fears on direct appeal, that the sentencing judge had failed to make adequate "individualized findings" regarding the scope of the underlying conspiracy and the drugs attributable to each defendant. Finding merit in this claim, the Eleventh Circuit set aside the sentences of the Alvis Defendants and remanded the case for re-sentencing.[2] On remand, the government entered into agreements with the Alvis Defendants for reduced sentences, and they were re-sentenced to imprisonment terms substantially shorter than their original imprisonment terms.[3]

In 1997 and 1998, Fears and three other co-defendants – Jaja Zambrowski Davis, Ossie Orlando McCauley III, and Morris Ramsey – filed § 2255 motions in which they challenged their sentences. On August 12, 1999, this court granted the § 2255 motions on

---

[2]Fears's convictions and sentence were affirmed on direct appeal.

[3]The Alvis Defendants were originally sentenced to the following imprisonment terms: Alvis, 135 months; Higgins, 189 months; Shealey, 240 months; and Walker, 210 months. Upon re-sentencing, they received the following imprisonment terms: Alvis, 12 months; Higgins, 78 months; Shealey, 97 months; and Walker, 138 months.

the ground that appellate counsel for Fears, Davis, McCauley, and Ramsey had rendered ineffective assistance by failing to raise the "individualized findings" argument pursued successfully on direct appeal by the Alvis Defendants.[4] The court vacated the sentences of Fears and the others and set a new sentencing schedule. Prior to re-sentencing, the court determined that it would not be bound by the defendants' initial sentencing proceedings and would receive any relevant and additional evidence. *See Sep. 2, 1999, Order of District Court* (Doc. 771 - Case No. 3:94cr25).

Unlike its stance with the Alvis Defendants, the government did not agree to seek reduced sentences at re-sentencing for Fears, Davis, McCauley, and Ramsey. At an evidentiary hearing conducted on November 29, 1999, the government presented extensive new testimony from two of Fears's co-defendants – Stanley Q. Johnson and Timothy J. Walker, Jr. – who had entered into leniency agreements with the government in exchange for testifying against Fears and the others. The sentencing court utilized much of this testimony, along with trial transcripts, to craft individualized findings regarding drug quantity. In addition, the government sought, and obtained, sentence enhancements for Fears and the others for use of firearms.[5]

By seeking the firearm enhancement and presenting new evidence at his re-

---

[4]Judge Robert E. Varner conducted the trial and original sentencing proceedings of Fears and his co-defendants. The case was reassigned to Judge Myron H. Thompson in July 1999.

[5]For Davis and McCauley, the government also sought, and obtained, sentence enhancements for manager/supervisor roles in the conspiracy. Davis and McCauley, originally sentenced to 211 and 229 months' imprisonment, respectively, were both re-sentenced to life imprisonment. Ramsey, originally sentenced to 169 months, was re-sentenced to a term of 300 months.

sentencing, the government acted, Fears now contends, in retaliation for his success in the first-filed § 2255 motion, and his attorney, Roianne Frith, demonstrated ineffectiveness by failing to advance this theory of "selective prosecution." The record reflects, however, that Frith did argue at Fears's re-sentencing that the sentencing disparity between Fears and the Alvis Defendants amounted to selective prosecution.[6]

Frith's appellate brief also argued the trial court's error in failing to grant a downward departure to Fears in light of the sentences imposed on the Alvis Defendants.[7] The Eleventh Circuit understood this claim – which was also raised in the appellate briefs of Davis, McCauley, and Ramsey – to be based, at least in part, on the argument that "the Government unfairly entered into plea agreements with the Alvis Defendants while declining to pursue such agreements with Appellants" (i.e., *Fears* et al.) and that a departure was warranted "to compensate for the *prosecution's* allegedly disparate, arbitrary, and irrational treatment of the defendants in this matter *vis a vis* sentencing[.]" *See United States v. Davis*, 273 F.3d 396 (11th Cir. 2001) (unpublished opinion, No. 00-11608 at *12) (emphasis in original).

This court thus finds no basis in fact for these omissions attributed to Attorney Frith. Even if, as Fears alleges, Frith failed to pursue the selective prosecution issue on appeal, he has failed to establish that her performance in this regard constituted ineffective assistance. Fears fails to allege facts sufficient to show that his specific circumstances were similar

---

[6] *See Re-sentencing Hearing* at 31-32 (*Government's Answer* (Doc. 9), *Exhibit 4*).

[7] *See "Brief for Appellant Nelson Nikitha Fears"* at 12-14 (filed in *United States v. Davis*, 273 F.3d 396 (11th Cir. 2001) (unpublished opinion, No. 00-11608).

sufficiently to warrant like re-sentencing treatment to any of the Alvis Defendants. Nor has he established any specific invidious motive by the government, s*ee Rickett v. Jones*, 901 F.2d 1058, 1061 (11th Cir. 1990), and his claim rests solely on vague and conclusory assertions of the government's retaliatory motive.[8] Moreover, as the Eleventh Circuit noted in rejecting on direct appeal his claim of the government's differential treatment in entering into plea agreements with the Alvis Defendants while declining to pursue such an agreement with him:

> [P]lea agreements are certainly commonplace and, out of respect for "prosecutorial discretion," are generally enforceable, despite resulting disparities in sentences. *See* [*United States v.*] *Gallegos*, 129 F.3d [1140] at 1144 [(10th Cir. 1997)] (cited favorably in *United States v. Willis*, 139 F.3d 811, 812 (11th Cir. 1998)). The power to enter into such bargains rests exclusively with the Government, which has "broad prosecutorial discretion." *See United States v. Contreras*, 108 F.3d 1255, 1272 (10th Cir. 1997). And even though one defendant may deserve the benefit of a plea agreement as much as another, courts are chary to intrude into these matters for fear of "discourag[ing] the government from offering plea bargains in cases involving multiple defendants." *Id*. (internal quotation marks and citation omitted).

*United States v. Davis*, 273 F.3d 396 (11th Cir. 2001) (unpublished opinion, No. 00-11608 at *13).

Another fact belies Fears's unsupported claim that the government intentionally singled him out for harsher treatment. It is true that at the re-sentencing for Fears, the government sought a firearm enhancement and presented new testimony detailing the extent

---

[8]Fears does not suggest why the government would have been more inclined to seek to punish him for having his sentence overturned through his § 2255 motion than it would have been to seek to punish the Alvis Defendants for successfully challenging their sentences on direct appeal.

of his drug trafficking.[9] The record also reflects, however, the government's unsuccessful attempt to present additional testimony regarding drug quantity and other enhancements at the re-sentencing of the Alvis Defendants. *See id*. at *13 n.8.

This analysis readily compels the court to reject the ineffectiveness of counsel claim relating to the issue of selective prosecution. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984) (to establish ineffective assistance, movant must show that counsel's performance was professionally unreasonable and prejudicial to movant). Therefore, Fears is entitled to no relief based on this claim.

### 3.    *Failure to Argue Lack of Proof for "Crack" Cocaine*

Fears next attacks his counsel's failure to argue that the government did not prove crack cocaine, rather than another form of cocaine base, as the drug underlying his sentence; thus, he contends, his counsel should have argued for a "powder cocaine" sentencing. *See § 2255 Motion* (Doc. 1) at 16-18; *Amended § 2255 Motion* (Doc. 14) at 6.

In November 1993, the Sentencing Commission amended § 2D1.1(c) of the Sentencing Guidelines to include the following definition of cocaine base:

> "Cocaine base," for purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

---

[9] It is well settled that a district court, on re-sentencing following remand, may consider evidence of additional drug quantities not considered in the first instance and may proceed as if it were sentencing the defendant for the first time. *See United States v. Jones*, 36 F.3d 1068, 1069-70 (11th Cir. 1994).

9

*U.S.S.G. § 2D1.1(c)* note D.  By this definition, § 2D.1.1 of the Guidelines expressly recognizes that "crack" is one form, among others, of "cocaine base," and the *only* form that is subject to the sentencing enhancements of § 2D1.1.[10]  *See United States v. Munoz-Realpe*, 21 F.3d 375, 376-79 (11th Cir. 1994).

Notwithstanding Fears's contention, at his re-sentencing hearing, co-defendants Johnson and Walker specifically testified to making numerous sales of "crack" cocaine to Fears.[11]  Fears does not point to any evidence suggesting his involvement with a drug other than crack cocaine.  Accordingly, Fears has not shown any ineffectiveness by his counsel on this specific claim, and he is not entitled to any relief based on this claim.

### 4.    *Failure to Challenge Drug Quantity Attributed for Sentencing Purposes*

Fears grounds his third claim of ineffectiveness on his counsel's failure to challenge the drug quantity attributed to him for sentencing purposes.  *See § 2255 Motion* (Doc. 1) at 15-16; *Amended § 2255 Motion* (Doc. 14) at 5-7.  Based largely on the testimony of co-defendants Johnson and Walker at the re-sentencing hearing, the trial court found Fears culpable for a total of 505 grams of crack cocaine during the conspiracy.[12]  *See Mar. 27,*

---

[10] Section 2D1.1(c) provides, *inter alia*, that the court use the same base offense level for a crime involving from 500 grams to 1.5 kilograms of cocaine base that it would use for a crime involving from 50 kilograms to 150 kilograms of cocaine.  Thus, an "enhanced" sentence, or 100:1 ratio, exists in crimes involving cocaine base, compared to cocaine, as defined in the guidelines.

[11] *See, e.g., Re-sentencing Hearing* at 76-82 & 153-56.  Testimony presented at trial and at the re-sentencing hearing indicated that Fears would, in turn, distribute the crack to other buyers.

[12] Johnson testified that Fears purchased 8 grams of crack cocaine from him on seven to eight occasions, conservatively totaling 49 grams, and purchased 3 ounces (72 grams) from him on another

*2000, Order of District Court* (Doc. 815 - Case No. 3:94cr25) at 13-15.

The record again clearly compels rejection of this claim. During both the re-sentencing proceedings and the appeal, counsel raised claims vigorously challenging the quantity of drugs attributed to Fears; in particular, counsel objected to any calculation of drug quantity based on the testimony of Johnson and Walker. *See Re-sentencing Hearing* (*Government's Answer* (Doc. 9), *Exhibit 4*); *Mar. 27, 2000, Order of District Court* (Doc. 815 - Case No. 3:94cr25) at 13-15; "*Brief for Appellant Nelson Nikitha Fears*" at 15-18 (filed in *United States v. Davis*, 273 F.3d 396 (11th Cir. 2001) (unpublished opinion, No. 00-11608). Therefore, there is no factual basis for Fears's claim that his counsel rendered ineffective assistance in this regard, and Fears is not entitled to any relief based on this claim.

### 5. *Failure to Question Stanley Q. Johnson Properly*

Fears cites his counsel for failing to impeach Stanley Q. Johnson at the re-sentencing hearing with evidence of Johnson's conviction for assaulting a prison guard in 1998. *See Amended § 2255 Motion* (Doc. 14) at 3-4. Had the trial court been aware of Johnson's assault conviction, Fears argues, it may have excluded Johnson's testimony from consideration in determining an appropriate sentence.

---

occasion, and further, that Fears admitted to him that he purchased drugs from other suppliers. *See Resentencing Hearing* at 76-82. Walker testified that he supplied Fears with one-quarter to one-half an ounce of crack cocaine a week for sixteen months. *Id*. at 153-56. Relying on this testimony, which was subjected to cross-examination, the trial court found Fears responsible for 505 grams of crack cocaine for sentencing purposes. Fears maintains that the trial court should have rejected the testimony of Johnson and Walker and that, at most, he should have been sentenced for only the amount of cocaine, approximately four grams, alleged in the distribution count (Count XVI) of the indictment. *See § 2255 Motion* (Doc. 1) at 15-16; *Amended § 2255 Motion* (Doc. 14) at 5-7.

Fears's claim simply is not supported by the record. The re-sentencing transcript shows that Fears's counsel – like counsel for one of Fears's co-defendants, who commenced the cross-examination of Johnson – effectively impeached Johnson with evidence of his assault conviction. *See Re-sentencing Hearing* (*Government's Answer* (Doc. 9), *Exhibit 4*) at 124-25 & 129-31. Because Fears has not shown any ineffectiveness of his counsel's performance in this regard, he is not entitled to any relief based on this claim.

**B.    "Newly Discovered" Evidence of Prosecutorial Misconduct and Fabricated Evidence**

Fears contends that he has newly discovered evidence of prosecutorial misconduct and fabricated evidence in his case. He argues the unavailability of such evidence until November 2002, thereby preventing him from raising the issue sooner. *See Amended § 2255 Motion* (Doc. 14) at 4-5.

The Eleventh Circuit has held:

[Section] § 2255 motions based on new evidence are subject to the standards generally applicable to motions for a new trial based on new evidence. There are now five requirements that a movant must satisfy before a new trial will be granted based on newly discovered evidence. The five requirements are as follows:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Lynn v. United States*, 365 F.3d 1225, 1227 (11th Cir. 2004) (citations omitted). "[M]otions

12

for a new trial are highly disfavored, and ... district courts should use great caution in granting a new trial motion based on newly discovered evidence." *Id*. (quoting *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003)).

The new evidence on which Fears relies is a report compiled, apparently sometime in 2002, by a private investigator in Montgomery, Alabama. It purports to contain summaries of statements from various persons claiming to have provided false information and testimony for the government, with the full knowledge and encouragement of federal prosecutors, in narcotics cases prosecuted in Alabama federal courts.

Even assuming, without so finding, that this newly discovered evidence satisfies the other requirements for relief, Fears's claim still fails for lack of materiality to issues before this court. None of the narcotics cases discussed in the private investigator's report relates to Fears's case, and none of the statements in the report are from persons who testified, or otherwise assisted the government, in his prosecution. Thus, nothing in the new evidence indicates, or even suggests, that any particular evidence in Fears's case is a fabrication or the product of prosecutorial misconduct. Therefore, Fears in not entitled to any relief based on this claim.

**C.  Actual Innocence**

Fears contends that he is "actually innocent of the sentence imposed." *See § 2255 Motion* (Doc. 1) at 9-10; *Amended § 2255 Motion* (Doc. 14) at 5-6. This claim amounts to little more than a reiteration of his assertion that co-defendants Johnson and Walker testified against him falsely and that the trial court should have rejected their testimony in determining

13

the quantity of drugs attributable to him.

"Actual innocence" has been defined as "factual innocence, not mere legal insufficiency." *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires [a movant] to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324. Fears's bare declaration that Johnson and Walker provided false testimony against him, without more, is insufficient to support a claim of actual innocence. Absent credible corroborative evidence, the claim of actual innocence is bootless and entitles Fears to no relief.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Fears be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 8, 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

      Done this 26th day of January, 2006.

                                           **/s/ Delores R. Boyd**
                                           DELORES R. BOYD
                                           UNITED STATES MAGISTRATE JUDGE